UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SHVETA KAKAR KURTZ *et. al.*,

                             Plaintiffs,

        -against-

DAVID HANSELL, *et al.*,

                             Defendants.

**STIPULATION AND PROTECTIVE ORDER**

20-CV-3401 (PAE)(JSA)

------------------------------------------------------------------- x

        **WHEREAS**, Plaintiffs Shveta Kakar Kurtz and Daniel L. Kurtz., individually and on behalf of their minor children, A.K. and M.K. (together "Plaintiffs"), filed the Complaint on or about May 1, 2021 and filed the Amended Complaint on or about May 5, 2020;

        **WHEREAS**, by order dated March 24, 2021 (ECF No. 139), the Court dismissed all claims except (1) malicious prosecution under § 1983 against the individual Municipal Defendants; (2) violation of the family's substantive due process rights under § 1983 against the individual Municipal Defendants; (3) malicious prosecution under state law against the individual Municipal Defendants, the City of New York, MARIE LUPICA, M.D., s/h/a DR. MARIE LUPICA, AS AN INDIVIDUAL, TREATING PHYSICIAN AND STATE ACTOR OPERATING UNDER COLOR OF LAW, and THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK-PRESBYTERIAN HOSPITAL/WEILL-CORNELL MEDICAL CENTER; and (4) failure to diagnose against MARIE LUPICA, M.D., s/h/a DR. MARIE LUPICA, AS AN INDIVIDUAL, TREATING PHYSICIAN AND STATE ACTOR OPERATING UNDER COLOR OF LAW, RAMZI M. SHAYKH, M.D. s/h/a DR. RAMZI MARWAN SHAYKH, INDIVIDUALLY AND AS A TREATING PHYSICIAN, and THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK-PRESBYTERIAN

HOSPITAL/WEILL-CORNELL MEDICAL CENTER ("Medical Defendants");

**WHEREAS**, subsequent to the May 24, 2021 Order, claims remain against of Defendants City of New York, Yscary Rodriguez, and Brenda Lawson (the "City Defendants"); and the Medical Defendants

**WHEREAS**, City Defendants, Medical Defendants and Plaintiffs (together, the "Parties", each party individually shall be designated in this Stipulation and Protective Order as a "Party") may in the future seek discovery in this action that would require the production of documents and information that Plaintiffs and/or Defendants deem to be otherwise confidential;

**WHEREAS**, this Stipulation and Protective Order is intended to allow the producing party to designate material as confidential that is not otherwise protected, and to limit the use and re-disclosure of those documents or that information;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through their undersigned counsel, as follows:

1. As used herein, "Confidential Material" shall mean the following documents, or any and all information contained within those documents: (i) any New York City Administration for Children's Services ("ACS") case file(s); (ii) any and all documents included in an ACS employee personnel file; (iii) any and all documents pertaining to ACS policies or employee training; (iv) any other documents or information that the Parties' counsel agree to, in writing, be confidential; (v) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (vi) previously non-disclosed material relating to ownership or control of any non-public company; (vii) previously non-disclosed business plans, product-development information, or marketing plans; (viii) any information of a

personal or intimate nature regarding any individual; or (ix) any other category of information given confidential status by this Court after the date of this Order.

2. Any Party required to produce documents (the "producing Party") may designate documents that it produces or discloses in this action, or information contained within those documents, as "Confidential Materials" by writing or stamping "CONFIDENTIAL" on each page containing such information that it sends to the receiving Party (the "receiving Party").

3. No document or information shall be deemed "Confidential Material" to the extent that it is (i) obtained by the receiving Party from a source other than the producing Party, either before or after receipt from the producing Party; or (ii) otherwise publicly available.

4. The inadvertent production of Confidential Material without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as Confidential Material. Upon receiving reasonable notice from the party producing Confidential Material that has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly.

5. All Confidential Material obtained in this litigation shall be used by a receiving Party, or any attorney retained by a receiving Party, solely for the prosecution or defense of the claims and affirmative defenses in this litigation, and shall not be used by the receiving Party in any other legal action, administrative proceeding, or arbitration, or for any business, commercial, competitive, personal, publicity, media, or other purpose, except as required by law.

6. Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material may be disclosed only to:

    a. counsel representing the Parties, persons acting under counsel's supervision, and employees and independent contractors of counsel who

           are directly involved in the preparation, litigation or defense of this action;

b.    the individual Parties to this action, and officers or employees of any named Party who is either required by such Party or requested by counsel to assist in the preparation, litigation, or defense of this action;

c.    the Parties' experts and consultants, as necessary for the preparation, litigation, or defense of this action in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

d.    any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

e.    any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

f.    court reporters, as necessary for the conduct of this litigation; and

g.    the Court, pursuant to the provisions of Paragraph 10 of this Stipulation and Protective Order.

7.    As used herein, disclosure of Confidential Material by a receiving Party includes the written or oral transmission of the document or information designated as Confidential

Material.

8. Any Party in possession of Confidential Material may disclose such material, including the information contained therein, to a person identified in sub-paragraphs 6(c), 6(d), and/or 6(e) of this Stipulation and Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge Confidential Material to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. The Party receiving Confidential Material must retain each signed Non-Disclosure Agreement and provide a copy of each signed Non-Disclosure Agreement to the producing Party either before the person identified in sub-paragraphs 6(c), 6(d), and/or 6(e) is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

9. Deposition testimony concerning any Confidential Material that reveals the contents of such material shall be deemed confidential, and the portions of the transcript that includes such testimony, together with any exhibits consisting of Confidential Material, shall be prominently marked "CONFIDENTIAL." These portions of the transcript shall be deemed to be Confidential Material within the meaning of this Stipulation and Protective Order. In addition, those portions of the transcript concerning any Confidential Material shall be deemed designated as such: (a) if counsel so states before the close of the record at a deposition, or (b) upon written notice to all counsel, designating the page and line, within fifteen days of receipt of the transcript. Counsel shall not disclose the deposition transcript before expiration of said fifteen day period to any person who has not previously signed the form attached as Exhibit A.

10. If a Party seeks to file papers with the Court that incorporates Confidential Material or reveals the contents thereof, the Party shall follow the Court's individual practice

rules.

11. A receiving Party who believes that a producing Party has designated information "Confidential" that is not entitled to such protection may write a letter to the producing Party asking that the Confidential Material designation be removed or modified and explaining the reason(s) why the receiving Party does not believe that the information is entitled to the designated protection. The producing Party shall have a reasonable time under the circumstances in which to respond to the receiving Party either by removing or modifying the confidentiality designation or by providing the reason(s) why the producing Party believes that the confidentiality designation is proper. If the producing Party does not respond or refuses to remove or modify the confidentiality designation, the receiving Party may seek relief from the Court.

12. Except as provided herein, nothing in this Stipulation and Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure.

13. Nothing in this Stipulation and Protective Order will prevent any Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the

Producing Party deems it appropriate to do so.

14.     This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose production of any document or information on any and all grounds other than confidentiality.

15.     Within 30 days after the termination of this case, including any appeals, any Confidential Material, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for the producing Party or, upon the written consent of the producing Party's counsel, shall be destroyed, except that counsel for the Parties may each retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Material, which would otherwise be subject to the terms of this paragraph. Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order".  All receiving Parties or persons who have possessed Confidential Material shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) by affidavit furnished to counsel for the producing Party.

16.     Nothing in this Stipulation and Protective Order shall be construed to limit any producing Party's use of Confidential Material that it produces in any manner.

17.     The Parties reserve the right to individually seek modification of this Stipulation and Protective Order by application to the Court for good cause shown.

18.     This Stipulation and Protective Order may be signed in counterparts, which taken together shall be construed as a single document.

19.     Emailed or faxed copies of signatures of this Stipulation and Protective Order

shall have the same force and effect as original signatures.

Dated: New York, New York
        January 5, 2022

| | |
|---|---|
| NORINSBERG LAW<br>Attorney for Plaintiffs<br>110 East 59th Street, Suite 3200<br>New York, New York 10022<br>Office: (212) 791-5396<br>Cell: (917) 405-8258<br>jon@norinsberglaw.com | GEORGIA M. PESTANA<br>Corporation Counsel of the City of New York<br>Attorney for City Defendants<br>100 Church Street<br>New York, New York 10007<br>(212) 356-0873<br>ssprayre@law.nyc.gov |
| By:_____<br>      Jon L. Norinsberg | By:_____/s/_____<br>       Sharon Sprayregen<br>       Assistant Corporation Counsel |

DECORATO, COHEN, SHEEHAN & FEDERICO, LLP
Attorneys for Defendants
**THE NEW YORK AND PRESBYTERIAN HOSPITAL**, s/h/a NEW YORK-PRESBYTERIAN HOSPITAL/WEILL-CORNELL MEDICAL CENTER
**MARIE LUPICA, M.D.,** s/h/a DR. MARIE LUPICA, AS AN INDIVIDUAL, TREATING PHYSICIAN AND STATE ACTOR OPERATING UNDER COLOR OF LAW
**RAMZI M. SHAYKH, M.D.** s/h/a DR. RAMZI MARWAN SHAYKH, INDIVIDUALLY AND AS A TREATING PHYSICIAN
90 Broad Street, 14th Floor
New York, New York 10004
(212) 742-8700
tate@dcsf.com

By:____/s/ (By Sharon Sprayregen w/ permission)__
       Amanda L. Tate

SO ORDERED:

       Hon. Paul A. Engelmayer
       United States District Judge
              1/6/22

## EXHIBIT A

I, _____, the undersigned, hereby swear under penalty of perjury that I have read the Confidentiality Stipulation and Protective Order (the "Order") entered in the United States District Court for the Southern District of New York dated January \_\_\_\_\_, 2022, in the action entitled *Kakar Kurtz et. al. v. David Hansell et. al.*, 20-CV-3401 (PAE)(JSA) and understand the terms thereof. I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of that case, and will not further disclose the Confidential Material except in testimony taken in that case. I aver that the Confidential Material and any copies, notes, or other records that I make regarding the Confidential Material shall not be used or disclosed by me or my agents to others, except in conformity with the Order. I agree to be subject to the above identified Court's rulings regarding the imposition of appropriate sanctions, and I agree that I may be held in contempt of court if I violate the terms of the Order.

Dated: _____        _____
                                        Signature

                                        _____
                                        Name (Printed)

                                        _____
                                        Occupation