UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHVETA KAKAR KURTZ, DANIEL L. KURTZ,
A.K., *a minor child*, and M.K., *a minor child*,

                                  Plaintiffs,

            -v-

DR. MARIE LUPICA, *as treating physician and state actor operating under color of law* and NEW YORK PRESBYTERIAN HOSPITAL/WEILL-CORNELL MEDICAL CENTER,

                                  Defendants.

20 Civ. 3401 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      The Court has received a motion *in limine* from defendants Dr. Marie Lupica and New York Presbyterian Hospital/Weill-Cornell Medical Center asking the Court to decline to exercise supplement jurisdiction over this matter and to remand it to the Supreme Court, New York County. The Court denies the motion.

      The Court's summary decision has eliminated the remaining federal claim in the case, leaving only plaintiffs' medical malpractice claim against the above defendants. However, the Court "may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The Court's judgment here is that exercising supplemental jurisdiction over the surviving state-law claim will serve the interests of judicial economy, convenience, and fairness. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

Of particular importance, "[t]he [C]ourt has decided multiple dispositive motions" in this case, as reflected in the lengthy decisions resolving motions to dismiss and, later, motions for summary judgment. *Silverman v. Miranda*, 116 F. Supp. 3d 289, 300 (S.D.N.Y. 2015), *aff'd sub nom. Silverman v. Teamster Loc. 210 Affiliated Health & Ins. Fund*, 725 F. App'x 79 (2d Cir. 2018), *as amended* (June 7, 2018). The Court has also overseen the considerable discovery process in this case, which is now complete. *See Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990).

In light of the extensive effort the Court has expended, including "extensive discovery and motion practice," declining supplemental jurisdiction would "actively work against the values of judicial economy, convenience, and fairness." *Zap Cellular, Inc. v. Weintraub*, No. 15 Civ. 6723, 2022 WL 4325746, at *12 (E.D.N.Y. Sep. 19, 2022). The case is poised for a prompt trial, and defendants rightly note that the Court's "familiarity with this case places it in the best position to preside over this trial." Dkt. 256 at 9. Remanding would cause needless delay in a long-running case. Where a dismissal of a federal claim as occurred late in the action, "after there has been substantial expenditure in time, effort, and money in preparing the dependent claim[], there is no need to knock [it] down with a belated rejection of supplemental jurisdiction." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (cleaned up). Remanding would also deprive the parties of the benefit of a judge intimately familiar with the case, and well-positioned to make nuanced judgments about, for example, whether particular witnesses or exhibits identified in the joint pretrial order in fact are relevant to the one claim left to be tried.

This case will accordingly proceed to trial forthwith. The Court intends to hold the trial beginning on **Monday, July 10, 2023**, unless a criminal trial presently scheduled for the same week does not reach a pretrial resolution, in which case the Court will begin this trial on

**Monday, July 17, 2023**. Although the Court understands the parties to be optimistic that the case can be tried within one week, to cover the contingency in which trial runs unexpectedly long, the Court directs counsel to maintain availability during the three-week period beginning July 10, 2023. The Court will shortly schedule a final pretrial conference, at which, *inter alia*, it will resolve the pending motions *in limine*, review the joint pretrial order with counsel, and discuss trial logistics.

SO ORDERED.

                                                                                     *Paul A. Engelmayer*
                                                                         PAUL A. ENGELMAYER
                                                                         United States District Judge

Dated: April 26, 2023
       New York, New York