UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHVETA KAKAR KURTZ, DANIEL L. KURTZ, and
A.K., *a minor child*,

                                        Plaintiffs,

                -v-

DR. MARIE LUPICA, *as treating physician and state
actor operating under color of law* and NEW YORK
PRESBYTERIAN HOSPITAL/WEILL-CORNELL
MEDICAL CENTER,

                                        Defendants.

20-CV-3401 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

        Attached to this Order are the following Court Exhibits:

- Exhibit 1: The draft jury charge dated July 12, 2023.

- Exhibit 2: The draft verdict form from July 12, 2023.

- Exhibit 3: The verdict form from July 13, 2023.

- Exhibit 4: The final jury charge read into the record on July 13, 2023.

- Exhibit 5: The witness list.

- Exhibit 6: The exhibit list.

        SO ORDERED.

                                        _Paul A. Engelmayer_
                                        _____
                                        PAUL A. ENGELMAYER
                                        United States District Judge

Dated: July 13, 2023
        New York, New York

**COURT EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHVETA KAKAR KURTZ, DANIEL L. KURTZ,
*solely in their roles as parent-guardians*, and AMNA
KAKAR KURTZ, *a minor child*,

                      Plaintiffs,

          -v-

DR. MARIE LUPICA and NEW YORK
PRESBYTERIAN HOSPITAL/WEILL-CORNELL
MEDICAL CENTER,

                      Defendants.

---

20 Civ. 3401 (PAE)

PAUL A. ENGELMAYER, District Judge:

**Jury Charge**
**Draft for Charge Conference: July 12, 2023**

TABLE OF CONTENTS

I.   **GENERAL INSTRUCTIONS** ............................................................................................... 1

   A.   Introductory Remarks ............................................................................................. 1

   B.   Role of the Court.................................................................................................... 2

   C.   Role of the Jury ...................................................................................................... 2

   D.   Role of Counsel / Objections and Sidebars............................................................ 2

   E.   Sympathy or Bias................................................................................................... 3

   F.   Burden of Proof...................................................................................................... 4

   G.   What Is and Is Not Evidence .................................................................................. 5

   H.   Direct and Circumstantial Evidence ...................................................................... 6

   I.   Witness Credibility ................................................................................................ 7

   J.   Interested Witnesses............................................................................................... 9

   K.   Expert Witnesses.................................................................................................. 10

   L.   Preparation of Witnesses **[IF APPLICABLE]** ................................................ 10

   M.   All Available Evidence Need Not Be Produced ................................................... 11

   N.   Redactions............................................................................................................ 11

II.   **SUBSTANTIVE CHARGES**........................................................................................... 12

   A.   Overview of Claim............................................................................................... 12

   B.   Negligence Generally........................................................................................... 13

   C.   Medical Malpractice ............................................................................................ 13

      1.   First Element: Deviation from Accepted Standards of Care ...................... 13

      2.   Second Element: Proximate Cause of Injury or Harm............................... 15

   D.   Damages............................................................................................................... 15

      1.   Compensatory Damages for Pain and Suffering........................................ 16

      2.   Nominal Damages...................................................................................... 18

III.   **DELIBERATIONS OF THE JURY** .................................................................................. 18

   A.   Right to See Exhibits and Hear Testimony........................................................... 18

   B.   Communication with the Court............................................................................. 19

   C.   Notes .................................................................................................................... 19

   D.   Duty to Deliberate; Unanimous Verdict ............................................................... 20

   E.   Verdict Form........................................................................................................ 20

|     |      |                          |     |
| --- | ---- | ------------------------ | --- |
|     | F.   | Duties of Foreperson     | 20  |
|     | G.   | Return of Verdict        | 21  |
| IV. | CONCLUSION              |     | 21  |

## I.    GENERAL INSTRUCTIONS

### A.    Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case, and you will soon hear the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case. There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. These instructions really would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, after counsel's closing arguments, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. I ask you for patient cooperation and attention. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So when I tell you the law, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two. But for now, listen carefully and try to concentrate on what I'm saying. I will be distributing to you a verdict form, in which to record your verdict. It will list the questions that you must consider, in the order that you should consider them.

### B. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney has stated, or states, a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

### C. Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal or professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

### D. Role of Counsel / Objections and Sidebars

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objected to any evidence.

2

Nor should you draw any inference from the fact that I might have sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its significance. That is for you to decide.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### E.    Sympathy or Bias

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, national origin, sex or age of any party or any witness, or any other such irrelevant factor. This case should be decided by you as an action between parties of equal standing in the community, and of equal worth. All parties are entitled to the same fair trial at your hands. All parties stand equal before the law, and are to be dealt with as equals in this Court.

## F.    Burden of Proof

The plaintiffs, Shveta Kakar Kurtz, Daniel Kurtz, and Amna Kakar Kurtz, have the burden of proving all the elements of their claim by a preponderance of the evidence.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all of the testimony, you are satisfied that the plaintiffs, the party with the burden of proof, have carried their burden on each essential point of their claim, then you must find in the plaintiffs' favor. If, after such consideration, you find that the evidence produced by the plaintiffs is outweighed by the evidence against the plaintiffs' position, or that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against the plaintiffs. That is because the plaintiffs, because they bear the burden of proof, must prove more than simple equality of evidence—they must prove the element by a preponderance of the evidence. On the other hand, the plaintiffs need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the plaintiffs—that what they claim is more likely true than not—then that element will have been proven by a preponderance of the evidence.

4

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof only in a *criminal* trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind.

### G.     What Is and Is Not Evidence

I want to take a moment to describe to you what is and is not evidence in this case. As I have said, you may rely only on the evidence in your deliberations. The evidence in this case is the sworn testimony of the witnesses, and the exhibits received in evidence. On the other hand, certain things are not evidence.

First, I will describe a list of examples of things that are not evidence:

1.     A question by a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

2.     Similarly, arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said in their opening statements was intended, and what they will say to you in their closing statements will be intended, to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

3.     Statements that I may have made concerning the evidence do not constitute evidence. Similarly, at times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times, I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

4. Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

5. Anything you may have seen or heard outside the courtroom is not evidence.

Now, I will provide you with some things that you may consider as evidence. As I have

said, evidence may come in several forms:

1. The sworn testimony of witnesses, regardless of who called them, is evidence. This is true of the witnesses' answers on both direct and cross examination. However, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given.

2. The exhibits that were admitted during the trial are evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

3. Prior testimony is evidence. Such testimony, known as depositions, is produced through a procedure where, prior to trial, the attorneys for one side may question a witness or an adversary under oath. This is part of what is called pretrial discovery, and each side is entitled to take depositions. To the extent I admitted excerpts of prior testimony at trial, you may consider the prior testimony of a witness according to the same standards you would use to evaluate the testimony of a witness given at trial.

**H. Direct and Circumstantial Evidence**

Generally, as I told you in my initial instructions, there are two types of evidence that you

may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence

is testimony by a witness about something he or she knows by virtue of his or her own senses—

something he or she has seen, felt, touched, or heard. For example, if a witness testified that

when she left her house this morning, it was raining, that would be direct evidence about the

weather.

Circumstantial evidence is evidence from which you may infer the existence of certain

facts. To use the same example I gave you at the start of trial: Assume that when you came into

the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, and no one has testified that it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Many facts, such as a person's state of mind or intentions, are rarely susceptible of proof by direct evidence. Usually, such facts are established by circumstantial evidence. Where circumstantial evidence is presented, it is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

## I.    Witness Credibility

You have had the opportunity to observe the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the

7

witness impress you? Did he or she appear to be frank, forthright, and candid? Or was the witness evasive and edgy, as if hiding something? How did the witness appear? What was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. However, you are not required to consider such a witness as totally "unbelievable." You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole

judges of the facts, decide which of the witnesses you will believe, what portion of each witness's testimony you accept, and what weight you will give to it.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness. It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an inconsistent statement in assessing the witness's credibility at trial.

### J.    Interested Witnesses

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case, such as a financial interest. Likewise, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. You should also consider any other interest or motive that the witness may have in cooperating with a particular party.

In this case, plaintiffs Shveta Kakar Kurtz and Daniel Kurtz, and defendant Dr. Marie Lupica, testified before you. As parties to this action, they are, by definition, interested witnesses.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

An interested witness is not necessarily less believable than a disinterested witness. The mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any

witness, or of any party, has intentionally or otherwise colored or distorted his or her testimony. You are not required to believe an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### K.  Expert Witnesses

In this case, I have permitted two expert witnesses to express their opinions about matters that are in issue. These are Dr. Michael Tunik, called by the plaintiffs as an expert in pediatric emergency medicine, and Dr. Eric Fornari, called by the defense as an expert in pediatric orthopedic surgery. Both testified as to the standards of medical care and offered an opinion as to whether that standards was met here. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### L.  Preparation of Witnesses [IF APPLICABLE]

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you

10

may consider that fact when you are evaluating a witness's credibility, I should tell you that there

is nothing either unusual or improper about a witness meeting with lawyers before testifying, so

that the witness can be made aware of the subjects that he or she will be questioned about, focus

on those subjects, and have the opportunity to review relevant exhibits before being questioned

about them. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her

testimony and what inferences you draw from such preparation are matters completely within

your discretion.

## M.    All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been

present at any time or place involved in the case, or who may appear to have some knowledge of

the matters in issue at this trial. Nor does the law require any party to produce as exhibits all

papers and things mentioned in the evidence in this case.

Each party has had an equal opportunity or lack of opportunity to call any witnesses.

Therefore, you should not draw any inferences or reach any conclusions as to what any uncalled

witnesses would have testified to had they been called. The absence of any witnesses should not

affect your judgment in any way.

## N.    Redactions

Portions of certain of the exhibits received in evidence have been redacted. "Redacted"

means that part of the document was blacked out or removed. The redactions have been made at

the Court's direction. You should draw no adverse inference against either party as a result of

these redactions, nor should you speculate on what may have been redacted. You are to concern

11

yourself only with the portions of the exhibits that have been admitted into evidence, that is, the non-redacted portions.

## II.    SUBSTANTIVE CHARGES

I am now going to instruct you on the substantive law to be applied to plaintiffs' claim in this lawsuit.

### A.    Overview of Claim

The plaintiffs bring one claim. It is for negligence under New York state law. It is brought against Dr. Marie Lupica and New York Presbyterian Hospital/Weill Cornell Medical Center, which I again will refer to for short as Weill Cornell.

Plaintiffs claim that on August 8, 2018, Dr. Lupica acted negligently by failing to diagnose a femur fracture in the infant child Amna Kakar Kurtz. This kind of negligence is called "medical malpractice." Plaintiffs claim that, as a result of Dr. Lupica's failure to diagnose the femur fracture, the femur fracture became worse and Amna Kakar Kurtz experienced pain and suffering. Defendants deny this claim. They contend that the femur fracture was not present at the time that Amna Kakar Kurtz was seen at the Weill Cornell emergency department. And they contend that the treatment of Amna Kakar Kurtz was consistent with medical standards of care.

Although there are two defendants in this case, Dr. Lupica and Weill Cornell, you will have to make only one determination as to liability. Plaintiffs' claim of medical malpractice against Weill Cornell is based on their claim that Dr. Lupica committed medical malpractice. Because Dr. Lupica was working at the Weill Cornell emergency department on August 8, 2018, and was responsible for Weill Cornell's care of Amna Kakar Kurtz, the parties agree that Weill Cornell is responsible for the actions of Dr. Lupica. Therefore, if you find that Dr. Lupica was

negligent in connection with her care of Amna Kakar Kurtz, then you necessarily will have also found Weill Cornell liable too.  By the same token, if you find that Dr. Lupica was not negligent, then you necessary will also have found Weill Cornell not liable

### B.    Negligence Generally

Turning to plaintiffs' claim, I will say a few words about negligence generally before explaining the elements of a medical malpractice claim.

What is negligence?  Negligence is the failure to use reasonable care.  Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

### C.    Medical Malpractice

Malpractice is negligence by a professional.  Medical malpractice refers to negligence by a doctor.  To prevail on their medical malpractice claim, plaintiffs must establish, by a preponderance of the evidence, two elements: first, that Dr. Lupica deviated from accepted standards of care in her treatment of Amna Kakar Kurtz; and, second, that Dr. Lupica's deviation from accepted standards of care was a proximate cause of injury or harm to Amna Kakar Kurtz.

#### 1.    First Element: Deviation from Accepted Standards of Care

A doctor who renders medical service to a patient is obligated to have that reasonable degree of knowledge and skill that is expected of an average doctor who provides treatment in the medical community in which the doctor practices.

The law recognizes that there are differences in the abilities of doctors, just as there are differences in the abilities of people engaged in other activities.  To practice medicine a doctor is not required to have the extraordinary knowledge and ability that belongs to a few doctors of

exceptional ability.  However, every doctor is required to keep reasonably informed of new developments in her field and to practice medicine in accordance with approved methods and means of treatment in general use.  A doctor must also use her best judgment and whatever superior knowledge and skill she possesses, even if the knowledge and skill exceed that possessed by the average doctor in the medical community where the doctor practices.

By undertaking to perform a medical service, a doctor does not guarantee a good result. The fact that there was a bad result to the patient, by itself, does not make the doctor liable.  The doctor is liable only if she was negligent.  Whether the doctor was negligent is to be decided on the basis of the facts and conditions existing at the time of the claimed negligence.

A doctor is not liable for an error in judgment if she does what she decides is best after careful evaluation if it is a judgment that a reasonably prudent doctor could have made under the circumstances.  In other words, a doctor is not liable for malpractice if she chooses one of two or more medically acceptable courses of action.

If the doctor is negligent, that is, lacks the skill or knowledge required of her in providing a medical service, or fails to use reasonable care in providing the service, or fails to exercise her best judgment, and such failure is a substantial factor in causing harm to the patient, then the doctor is responsible for the injury or harm caused.

In determining whether the doctor is liable, the choice of methods in treating a patient and medical judgment must be considered in light of all the facts and circumstances with which the doctor was confronted at the time.  The doctor is not to be judged by after-acquired knowledge or by the results of the treatment, or lack of treatment under the circumstances.  The applicable test is whether, under all the facts and circumstances then confronting the doctor, the techniques of handling the patient and the services administered to the patient were those that an

14

ordinary, prudent, careful, and skillful doctor would have used at the time and under the conditions then existing. The test is not what hindsight may reveal should have been done in light of subsequently occurring conditions.

### 2.  Second Element: Proximate Cause of Injury or Harm

If you find that Dr. Lupica did not deviate from the accepted standards of care, plaintiffs' claim of negligence fails, your deliberations are complete, and you are not to consider any other issues. However, if you find that Dr. Lupica deviated from the accepted standards of care, you must then determine if that deviation from the standards of care was a proximate cause of injury or harm to Amna Kakar Kurtz.

An act or omission is regarded as a proximate cause if it was a substantial factor in bringing about an injury or harm, that is, if it had such an effect in producing an injury or harm that reasonable people would regard it as a cause of the injury or harm.

Here, plaintiffs do not contend that defendants caused Amna Kakar Kurtz's femur fracture. But they contend that Dr. Lupica negligently failed to diagnose such a fracture, and that as a result, the fracture became worse and Amna Kakar Kurtz experienced pain and suffering. If you so find, then you must return a verdict for plaintiffs. However, if you find that Dr. Lupica did not deviate from the accepted standards of care, or that such a deviation was not a proximate cause of injury or harm to Amna Kakar Kurtz, then you must return a verdict for defendants.

### D.  Damages

If, but only if, you conclude that plaintiffs have met their burden of proving liability, that is, that they have established each of the elements of their medical malpractice claim, as I have explained them, by a preponderance of the evidence, then you must determine the damages, if any, to which they are entitled.

You should not infer that plaintiffs are entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability. I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

### 1.    Compensatory Damages for Pain and Suffering

The purpose of the law of damages is compensate. It is to award, as far as possible, just, and fair compensation to plaintiffs for the losses or suffering that Amna Kakar Kurtz experienced as a result of defendants' negligence. The damages that you award must be fair and reasonable, and neither inadequate nor excessive.

In this case, plaintiffs are seeking only one type of damages: to compensate Amna Kakar Kurtz for pain and suffering that they claim she experienced as a result of Dr. Lupica's negligence. In some medical malpractice cases, other types of compensatory damages may be available: for example, to compensate a plaintiff where medical malpractice cost him or her the ability to be gainfully employed, or to compensate a plaintiff where the medical malpractice caused him or her to incur unreimbursed medical expenses. These damages are not available here, and you should not concern yourself with them. I also instruct you that any distress that Amna Kakar Kurtz's parents, plaintiffs Shveta Kakar Kurtz and Daniel Kurtz, may have experienced is not at issue, and is not to be considered by you in assessing damages. The parents are plaintiffs here only in their capacities as guardians of Amna Kakar Kurtz, on whose behalf they have brought this lawsuit. And so, the only damages available are to compensate Amna Kakar Kurtz for pain and suffering, if any, that you find is attributable to medical malpractice by Dr. Lupica.

I emphasize as well that compensatory damages are not intended to serve as punishment and may not be awarded for the purpose of penalizing the defendants. Punitive damages, which you may have heard of, are not available in this case.

The purpose of compensatory damages is to make Amna Kakar Kurtz whole; that is, to compensate her for the damage that she has suffered in the form of pain and suffering. If you decide that defendants are liable, plaintiffs are entitled to recover a sum of money which will justly and fairly compensate Amna Kakar Kurtz for any conscious pain and suffering that she experienced that was caused by defendants' negligence. Conscious pain and suffering means pain and suffering of which there was some level of awareness by Amna.

In awarding damages, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. There is no requirement that evidence of the monetary value of intangible things such as pain and suffering be introduced into evidence. There is no exact standard fixing the compensation to be awarded for pain and suffering. And the law does not require the plaintiffs to prove the amount of such damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use your own good judgment and sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. You should not award compensatory damages for speculative injuries, but only for those injuries that Amna Kakar Kurtz actually suffered.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

### 2. Nominal Damages

As an alternative to compensatory damages, if you find that defendants were negligent in failing to diagnose a femur fracture but that Amna Kakar Kurtz did not suffer any actual injury or harm as a result of defendants' negligence, you may award what are called "nominal damages." Nominal damages are a sum of money up to $1. They are awarded as recognition that Amna Kakar Kurtz's rights were violated. You should award nominal damages if you conclude that the only injury that Amna Kakar Kurtz suffered as a result of defendants' negligence was the deprivation of her rights, without any pain and suffering.

You may not award both nominal and compensatory damages. Either Amna Kakar Kurtz experienced actual damages, in which case you must award compensatory damages, or else she did not experience actual damages, in which case you must award nominal damages. You may also award nominal damages if you find that some injury resulted, but you are unable to compute the monetary damages except by engaging in pure speculation and guessing.

The verdict form I will give you will assist you in recording the determination, if any, that you make as to damages.

### III.   DELIBERATIONS OF THE JURY

#### A.   Right to See Exhibits and Hear Testimony

Members of the jury, now that you have heard the closing arguments of the parties, you are about to go into the jury room to begin your deliberations. Before you do that, I will give you a few final instructions.

The exhibits received in evidence will be accessible to you upon request. If during those deliberations you want to see a hard copy of any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that.

Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. And please be patient—with respect to requests for testimony, it can sometimes take counsel and the Court some time to identify the portions that are responsive to your request. If you want any further explanation of the law as I have explained it to you, you may also request that.

To assist you in your deliberations, I will be providing you a list of the exhibits; a list of the witnesses who testified, in the order in which they testified; a verdict form, which I have referred to and which I will discuss in a moment; and a copy of these instructions. There is one of each of these for each juror.

### B.    Communication with the Court

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### C.    Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

19

### D.    Duty to Deliberate; Unanimous Verdict

You will shortly retire to decide the questions I have described to you. For the plaintiffs to prevail on the questions that you must answer, they must sustain their burden of proof as I have explained to you with respect to the questions you are considering. Your verdict on each question must be unanimous.

Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case. You are not to discuss the case until all jurors are present. Five or six jurors together is only a gathering of individuals. Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.

### E.    Verdict Form

I have prepared a verdict form for you to use in recording your decision as to each plaintiff's claims. Please use those forms to report your verdict.

### F.    Duties of Foreperson

Finally, I referred a moment ago to a foreperson. The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### G.     Return of Verdict

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you. All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, members of the jury, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

### IV.     CONCLUSION

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you or anything I may not have covered in my previous statement.

\* \* \* \* \*

Members of the jury, you may now retire. The marshal will be sworn before we retire.

(Marshal sworn)

21

**COURT EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHVETA KAKAR KURTZ, DANIEL L. KURTZ,
*solely in their roles as parent-guardians*, and AMNA
KAKAR KURTZ,

                       Plaintiffs,

         -v-

DR. MARIE LUPICA and NEW YORK
PRESBYTERIAN HOSPITAL/WEILL-CORNELL
MEDICAL CENTER,

                   Defendants.

---

20 Civ. 3401 (PAE)

**VERDICT FORM**

PAUL A. ENGELMAYER, District Judge:

**PLEASE FOLLOW ALL INSTRUCTIONS, CHECK (√) YOUR ANSWERS, AND FILL IN THE BLANKS**

*All Answers Must Be Unanimous*

I. **Liability**

1.    *First element:*  Did Dr. Marie Lupica and New York Presbyterian Hospital/Weill Cornell Medical Center deviate from accepted standards of care in their treatment on August 8, 2018 of Amna Kakar Kurtz?

      YES_____          NO_____

      *[If you answered "yes," go on to Question No. 2.  If you answered "no," please stop here, and date and sign the last page of the verdict form.]*

2.    *Second element:*  Was that deviation from accepted standards of care a substantial factor in causing injury or harm to Amna Kakar Kurtz?

      YES_____          NO_____

1 of 3

*[If you answered "yes," go on to Question No. 3. If you answered "no," please stop here, and date and sign the last page of the verdict form.]*

**II.    Damages**

3.    What amount of damages do you award plaintiffs to compensate them for the injury or harm sustained by Amna Kakar Kurtz as a result of the defendants' deviation from accepted standards of care on August 8, 2018?

a.   Pain and suffering:

$_____; or, alternatively,

b.   Nominal damages

$_____.

*[Please sign your names in the space provided on the next page, fill in the date, and inform the marshal that you have reached a verdict.]*

After completing the form, each juror who agrees with this verdict must sign below:

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

Dated:        _____

<span style="color:blue"><b>COURT EXHIBIT 3</b></span>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHVETA KAKAR KURTZ, DANIEL L. KURTZ,
*solely in their roles as parent-guardians*, and AMNA
KAKAR KURTZ,

                        Plaintiffs,

                -v-

DR. MARIE LUPICA and NEW YORK
PRESBYTERIAN HOSPITAL/WEILL-CORNELL
MEDICAL CENTER,

                        Defendants.

---

20 Civ. 3401 (PAE)

**VERDICT FORM**

PAUL A. ENGELMAYER, District Judge:

**PLEASE FOLLOW ALL INSTRUCTIONS, CHECK (√) YOUR ANSWERS, AND FILL
IN THE BLANKS**

                *All Answers Must Be Unanimous*

I.    **Liability**

    1.    *First element:*  Did Dr. Marie Lupica and New York Presbyterian Hospital/Weill
          Cornell Medical Center deviate from accepted standards of care in their treatment
          on August 8, 2018 of Amna Kakar Kurtz?

          YES_____                NO_____

          [*If you answered "yes," go on to Question No. 2.  If you answered "no," please
          stop here, and date and sign the last page of the verdict form.*]

    2.    *Second element:*  Was that deviation from accepted standards of care a substantial
          factor in causing injury or harm to Amna Kakar Kurtz?

          YES_____                NO_____

[*If you answered "yes," go on to Question No. 3.  If you answered "no," please stop here, and date and sign the last page of the verdict form.*]

**II.     <u>Damages</u>**

3.     What amount of damages do you award plaintiffs to compensate them for the injury or harm sustained by Amna Kakar Kurtz as a result of the defendants' deviation from accepted standards of care on August 8, 2018?

$_____

[*Please sign your names in the space provided on the next page, fill in the date, and inform the marshal that you have reached a verdict.*]

After completing the form, each juror who agrees with this verdict must sign below:


_____        _____

Foreperson


_____        _____


_____        _____


_____        _____


Dated:        _____

**COURT EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHVETA KAKAR KURTZ, DANIEL L. KURTZ,
*solely in their roles as parent-guardians*, and AMNA
KAKAR KURTZ, *a minor child*,

                              Plaintiffs,

                    -v-

DR. MARIE LUPICA and NEW YORK
PRESBYTERIAN HOSPITAL/WEILL-CORNELL
MEDICAL CENTER,

                              Defendants.

---

20 Civ. 3401 (PAE)

PAUL A. ENGELMAYER, District Judge:

**Jury Charge**
**July 13, 2023**

TABLE OF CONTENTS

I.   GENERAL INSTRUCTIONS..................................................................................1

  A.   Introductory Remarks..................................................................................1

  B.   Role of the Court.........................................................................................2

  C.   Role of the Jury...........................................................................................2

  D.   Role of Counsel / Objections and Sidebars................................................2

  E.   Sympathy or Bias........................................................................................3

  F.   Burden of Proof...........................................................................................4

  G.   What Is and Is Not Evidence.......................................................................5

  H.   Direct and Circumstantial Evidence............................................................6

  I.   Witness Credibility......................................................................................7

  J.   Interested Witnesses....................................................................................9

  K.   Expert Witnesses.......................................................................................10

  L.   Preparation of Witnesses...........................................................................10

  M.   All Available Evidence Need Not Be Produced........................................11

  N.   Redactions.................................................................................................11

II.  SUBSTANTIVE CHARGES..............................................................................12

  A.   Overview of Claim.....................................................................................12

  B.   Negligence Generally.................................................................................13

  C.   Medical Malpractice..................................................................................13

      1.   First Element: Deviation from Accepted Standards of Care................13

      2.   Second Element: Proximate Cause of Injury or Harm.........................15

  D.   Damages....................................................................................................15

III. DELIBERATIONS OF THE JURY....................................................................18

  A.   Right to See Exhibits and Hear Testimony................................................18

  B.   Communication with the Court..................................................................18

  C.   Notes.........................................................................................................19

  D.   Duty to Deliberate; Unanimous Verdict....................................................19

  E.   Verdict Form..............................................................................................20

  F.   Duties of Foreperson.................................................................................20

  G.   Return of Verdict.......................................................................................20

**IV.  Conclusion**................................................................................................................**21**

# I.   GENERAL INSTRUCTIONS

## A.   Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case, and you will soon hear the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  These instructions really would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, after counsel's closing arguments, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So when I tell you the law, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying.  I will be distributing to you a verdict form, in which to record your verdict.  It will list the questions that you must consider, in the order that you should consider them.

1

### B.      Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated, or states, a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

### C.      Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal or professional expertise you might have or other facts not in evidence to the other jurors during deliberations.  You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone.  You may not consider or speculate on matters not in evidence or matters outside the case.

### D.      Role of Counsel / Objections and Sidebars

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objected to any evidence.

Nor should you draw any inference from the fact that I might have sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its significance. That is for you to decide.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### E. Sympathy or Bias

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, national origin, sex or age of any party or any witness, or any other such irrelevant factor. This case should be decided by you as an action between parties of equal standing in the community, and of equal worth. All parties are entitled to the same fair trial at your hands. All parties stand equal before the law, and are to be dealt with as equals in this Court.

### F.      Burden of Proof

The plaintiffs, Shveta Kakar Kurtz, Daniel Kurtz, and Amna Kakar Kurtz, have the burden of proving all the elements of their claim by a preponderance of the evidence.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all of the testimony, you are satisfied that the plaintiffs, the party with the burden of proof, have carried their burden on each essential point of their claim, then you must find in the plaintiffs' favor. If, after such consideration, you find that the evidence produced by the plaintiffs is outweighed by the evidence against the plaintiffs' position, or that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against the plaintiffs. That is because the plaintiffs, because they bear the burden of proof, must prove more than simple equality of evidence—they must prove the element by a preponderance of the evidence. On the other hand, the plaintiffs need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the plaintiffs—that what they claim is more likely true than not—then that element will have been proven by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof only in a *criminal* trial.  That requirement does not apply to a civil case such as this, and you should put it out of your mind.

### G.    What Is and Is Not Evidence

I want to take a moment to describe to you what is and is not evidence in this case.  As I have said, you may rely only on the evidence in your deliberations.  The evidence in this case is the sworn testimony of the witnesses, and the exhibits received in evidence.  On the other hand, certain things are not evidence.

First, I will describe a list of examples of things that are not evidence:

1.    A question by a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

2.    Similarly, arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said in their opening statements was intended, and what they will say to you in their closing statements will be intended, to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

3.    Statements that I may have made concerning the evidence do not constitute evidence. Similarly, at times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

4.   Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

5.   Anything you may have seen or heard outside the courtroom is not evidence.

Now, I will provide you with some things that you may consider as evidence. As I have said, evidence may come in several forms:

1.   The sworn testimony of witnesses, regardless of who called them, is evidence. This is true of the witnesses' answers on both direct and cross examination. However, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given.

2.   The exhibits that were admitted during the trial are evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

3.   Prior testimony is evidence. Such testimony, known as depositions, is produced through a procedure where, prior to trial, the attorneys for one side may question a witness or an adversary under oath. This is part of what is called pretrial discovery, and each side is entitled to take depositions. To the extent I admitted excerpts of prior testimony at trial, you may consider the prior testimony of a witness according to the same standards you would use to evaluate the testimony of a witness given at trial.

## H.   Direct and Circumstantial Evidence

Generally, as I told you in my initial instructions, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses— something he or she has seen, felt, touched, or heard. For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. To use the same example I gave you at the start of trial: Assume that when you came into

the courthouse this morning, the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, and no one has testified that it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.  Many facts, such as a person's state of mind or intentions, are rarely susceptible of proof by direct evidence.  Usually, such facts are established by circumstantial evidence.  Where circumstantial evidence is presented, it is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

I.    **Witness Credibility**

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the

7

witness impress you?  Did he or she appear to be frank, forthright, and candid?  Or was the witness evasive and edgy, as if hiding something?  How did the witness appear?  What was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  However, you are not required to consider such a witness as totally "unbelievable."  You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  By the processes which I have just described, you, as the sole

judges of the facts, decide which of the witnesses you will believe, what portion of each witness's testimony you accept, and what weight you will give to it.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness.  It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an inconsistent statement in assessing the witness's credibility at trial.

### J.     Interested Witnesses

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case, such as a financial interest.  Likewise, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  You should also consider any other interest or motive that the witness may have in cooperating with a particular party.

In this case, plaintiffs Shveta Kakar Kurtz and Daniel Kurtz, and defendant Dr. Marie Lupica, testified before you.  As parties to this action, they are, by definition, interested witnesses.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

An interested witness is not necessarily less believable than a disinterested witness.  The mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any

witness, or of any party, has intentionally or otherwise colored or distorted his or her testimony. You are not required to believe an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### K.    Expert Witnesses

In this case, I have permitted two expert witnesses to express their opinions about matters that are in issue.  These are Dr. Michael Tunik, called by the plaintiffs as an expert in pediatric emergency medicine, and Dr. Eric Fornari, called by the defense as an expert in pediatric orthopedic surgery.  Both testified as to the standards of medical care and offered an opinion as to whether that standards was met here.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

### L.    Preparation of Witnesses

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you

may consider that fact when you are evaluating a witness's credibility, I should tell you that there

is nothing either unusual or improper about a witness meeting with lawyers before testifying, so

that the witness can be made aware of the subjects that he or she will be questioned about, focus

on those subjects, and have the opportunity to review relevant exhibits before being questioned

about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her

testimony and what inferences you draw from such preparation are matters completely within

your discretion.

### M.    All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been

present at any time or place involved in the case, or who may appear to have some knowledge of

the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all

papers and things mentioned in the evidence in this case.

Each party has had an equal opportunity or lack of opportunity to call any witnesses.

Therefore, you should not draw any inferences or reach any conclusions as to what any uncalled

witnesses would have testified to had they been called.  The absence of any witnesses should not

affect your judgment in any way.

### N.    Redactions

Portions of certain of the exhibits received in evidence have been redacted.  "Redacted"

means that part of the document was blacked out or removed.  The redactions have been made at

the Court's direction.  You should draw no adverse inference against either party as a result of

these redactions, nor should you speculate on what may have been redacted.  You are to concern

yourself only with the portions of the exhibits that have been admitted into evidence, that is, the non-redacted portions.

## II.   SUBSTANTIVE CHARGES

I am now going to instruct you on the substantive law to be applied to plaintiffs' claim in this lawsuit.

### A.   Overview of Claim

The plaintiffs bring one claim. It is for negligence under New York state law. It is brought against Dr. Marie Lupica and New York Presbyterian Hospital/Weill Cornell Medical Center, which I again will refer to for short as Weill Cornell.

Plaintiffs claim that on August 8, 2018, Dr. Lupica acted negligently by failing to diagnose a femur fracture in the infant child Amna Kakar Kurtz. This kind of negligence is called "medical malpractice." Plaintiffs claim that, as a result of Dr. Lupica's failure to diagnose the femur fracture, the femur fracture became worse and Amna Kakar Kurtz experienced pain and suffering. Defendants deny this claim. They contend that the femur fracture was not present at the time that Amna Kakar Kurtz was seen at the Weill Cornell emergency department. And they contend that the treatment of Amna Kakar Kurtz was consistent with medical standards of care.

Although there are two defendants in this case, Dr. Lupica and Weill Cornell, you will have to make only one determination as to liability. Plaintiffs' claim of medical malpractice against Weill Cornell is based on their claim that Dr. Lupica committed medical malpractice. Because Dr. Lupica was working at the Weill Cornell emergency department on August 8, 2018, and was responsible for Weill Cornell's care of Amna Kakar Kurtz, the parties agree that Weill Cornell is responsible for the actions of Dr. Lupica. Therefore, if you find that Dr. Lupica was

negligent in connection with her care of Amna Kakar Kurtz, then you necessarily will have also found Weill Cornell liable too. By the same token, if you find that Dr. Lupica was not negligent, then you necessarily will also have found Weill Cornell not liable.

**B.  Negligence Generally**

Turning to plaintiffs' claim, I will say a few words about negligence generally before explaining the elements of a medical malpractice claim.

What is negligence?  Negligence is the failure to use reasonable care.  Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

**C.  Medical Malpractice**

Malpractice is negligence by a professional.  Medical malpractice refers to negligence by a doctor.  To prevail on their medical malpractice claim, plaintiffs must establish, by a preponderance of the evidence, two elements: first, that Dr. Lupica deviated from accepted standards of care in her treatment of Amna Kakar Kurtz; and, second, that Dr. Lupica's deviation from accepted standards of care was a proximate cause of injury or harm to Amna Kakar Kurtz.

**1.  First Element: Deviation from Accepted Standards of Care**

A doctor who renders medical service to a patient is obligated to have that reasonable degree of knowledge and skill that is expected of an average doctor who provides treatment in the medical community in which the doctor practices.

The law recognizes that there are differences in the abilities of doctors, just as there are differences in the abilities of people engaged in other activities.  To practice medicine a doctor is not required to have the extraordinary knowledge and ability that belongs to a few doctors of

exceptional ability.  However, every doctor is required to keep reasonably informed of new developments in her field and to practice medicine in accordance with approved methods and means of treatment in general use.  A doctor must also use her best judgment and whatever superior knowledge and skill she possesses, even if the knowledge and skill exceed that possessed by the average doctor in the medical community where the doctor practices.

By undertaking to perform a medical service, a doctor does not guarantee a good result. The fact that there was a bad result to the patient, by itself, does not make the doctor liable.  The doctor is liable only if she was negligent.  Whether the doctor was negligent is to be decided on the basis of the facts and conditions existing at the time of the claimed negligence.

A doctor is not liable for an error in judgment if she does what she decides is best after careful evaluation if it is a judgment that a reasonably prudent doctor could have made under the circumstances.  In other words, a doctor is not liable for malpractice if she chooses one of two or more medically acceptable courses of action.

If the doctor is negligent, that is, lacks the skill or knowledge required of her in providing a medical service, or fails to use reasonable care in providing the service, or fails to exercise her best judgment, and such failure is a substantial factor in causing harm to the patient, then the doctor is responsible for the injury or harm caused.

In determining whether the doctor is liable, the choice of methods in treating a patient and medical judgment must be considered in light of all the facts and circumstances with which the doctor was confronted at the time.  The doctor is not to be judged by after-acquired knowledge.  The applicable test is whether, under all the facts and circumstances then confronting the doctor, the techniques of handling the patient and the services administered to the patient were those that an ordinary, prudent, careful, and skillful doctor would have used at

the time and under the conditions then existing.  The test is not what hindsight may reveal should have been done in light of subsequently occurring conditions.

### 2.    Second Element: Proximate Cause of Injury or Harm

If you find that Dr. Lupica did not deviate from the accepted standards of care, plaintiffs' claim of negligence fails, your deliberations are complete, and you are not to consider any other issues.  However, if you find that Dr. Lupica deviated from the accepted standards of care, you must then determine if that deviation from the standards of care was a proximate cause of injury or harm to Amna Kakar Kurtz.

An act or omission is regarded as a proximate cause if it was a substantial factor in bringing about an injury or harm, that is, if it had such an effect in producing an injury or harm that reasonable people would regard it as a cause of the injury or harm.

Here, plaintiffs do not contend that defendants caused Amna Kakar Kurtz's femur fracture.  But they contend that Dr. Lupica negligently failed to diagnose such a fracture, and that as a result, the fracture became worse and Amna Kakar Kurtz experienced pain and suffering.  If you so find, then you must return a verdict for plaintiffs.  However, if you find that Dr. Lupica did not deviate from the accepted standards of care, or that such a deviation was not a proximate cause of injury or harm to Amna Kakar Kurtz, then you must return a verdict for defendants.

### D.    Damages

If, but only if, you conclude that plaintiffs have met their burden of proving liability, that is, that they have established each of the elements of their medical malpractice claim, as I have explained them, by a preponderance of the evidence, then you must determine the damages, if any, to which they are entitled.

You should not infer that plaintiffs are entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability. I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

The purpose of the law of damages is compensate. It is to award, as far as possible, just, and fair compensation to plaintiffs for the losses or suffering that Amna Kakar Kurtz experienced as a result of defendants' negligence. The damages that you award must be fair and reasonable, and neither inadequate nor excessive.

In this case, plaintiffs are seeking only one type of damages: to compensate Amna Kakar Kurtz for pain and suffering that they claim she experienced as a result of Dr. Lupica's negligence. Plaintiffs do not seek recovery for lost earnings or unreimbursed medical expenses. Therefore, you should not concern yourself with these matters. I also instruct you that any distress that Amna Kakar Kurtz's parents, plaintiffs Shveta Kakar Kurtz and Daniel Kurtz, may have experienced is not at issue, and is not to be considered by you in assessing damages. The parents are plaintiffs here only in their capacities as guardians of Amna Kakar Kurtz, on whose behalf they have brought this lawsuit. And so, the only damages available are to compensate Amna Kakar Kurtz for pain and suffering, if any, that you find is attributable to medical malpractice by Dr. Lupica.

The purpose of compensatory damages is to make Amna Kakar Kurtz whole; that is, to compensate her for the damage that she has suffered in the form of pain and suffering. If you decide that defendants are liable, plaintiffs are entitled to recover a sum of money which will justly and fairly compensate Amna Kakar Kurtz for any conscious pain and suffering that she

experienced that was caused by defendants' negligence.  Conscious pain and suffering means pain and suffering of which there was some level of awareness by Amna.

In awarding damages, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  There is no requirement that evidence of the monetary value of intangible things such as pain and suffering be introduced into evidence.  There is no exact standard fixing the compensation to be awarded for pain and suffering.  And the law does not require the plaintiffs to prove the amount of such damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  In all instances, you are to use your own good judgment and sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.  You should not award compensatory damages for speculative injuries, but only for those injuries that Amna Kakar Kurtz actually suffered.

I emphasize as well that compensatory damages are not intended to serve as punishment and may not be awarded for the purpose of penalizing the defendants.  Punitive damages, which you may have heard of, are not available in this case.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

The verdict form I will give you will assist you in recording the determination, if any, that you make as to damages.

### III.   DELIBERATIONS OF THE JURY

#### A.    Right to See Exhibits and Hear Testimony

Members of the jury, now that you have heard the closing arguments of the parties, you are about to go into the jury room to begin your deliberations. Before you do that, I will give you a few final instructions.

The exhibits received in evidence will be accessible to you upon request. If during those deliberations you want to see a hard copy of any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. And please be patient—with respect to requests for testimony, it can sometimes take counsel and the Court some time to identify the portions that are responsive to your request. If you want any further explanation of the law as I have explained it to you, you may also request that.

To assist you in your deliberations, I will be providing you a list of the exhibits; a list of the witnesses who testified, in the order in which they testified; a verdict form, which I have referred to and which I will discuss in a moment; and a copy of these instructions. There is one of each of these for each juror.

#### B.    Communication with the Court

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### C.      Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.      Duty to Deliberate; Unanimous Verdict

You will shortly retire to decide the questions I have described to you.  For the plaintiffs to prevail on the questions that you must answer, they must sustain their burden of proof as I have explained to you with respect to the questions you are considering.  Your verdict on each question must be unanimous.

Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.  You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.  You are not to discuss the case until all jurors are present.  Five

or six jurors together is only a gathering of individuals.  Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.

### E.      Verdict Form

I have prepared a verdict form for you to use in recording your decision as to each plaintiff's claims.  Please use those forms to report your verdict.

### F.      Duties of Foreperson

Finally, I referred a moment ago to a foreperson.  The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### G.      Return of Verdict

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you.  All jurors must sign the form reflecting each juror's agreement with the verdict.  The foreperson should then advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, members of the jury, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

**IV.    CONCLUSION**

Members of the jury, that concludes my instructions to you.  I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you or anything I may not have covered in my previous statement.

* * * * *

Members of the jury, you may now retire.  The marshal will be sworn before we retire.

(Marshal sworn)

21

**COURT EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHVETA KAKAR KURTZ, DANIEL L. KURTZ,
*solely in their roles as parent-guardians*, and AMNA
KAKAR KURTZ, *a minor child*,

                                 Plaintiffs,

                   -v-

DR. MARIE LUPICA and NEW YORK
PRESBYTERIAN HOSPITAL/WEILL-CORNELL
MEDICAL CENTER,

                              Defendants.

---

20 Civ. 3401 (PAE)

**WITNESS LIST**

WITNESS LIST:

1. Dr. Marie Lupica
2. Dr. Shari L. Platt
3. Shveta Kakar Kurtz
4. Daniel L. Kurtz
5. Dr. Ramzi Marwan Shaykh
6. Dr. Michael Tunik
7. Dr. Eric Fornari

**COURT EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHVETA KAKAR KURTZ, DANIEL L. KURTZ,
*solely in their roles as parent-guardians*, and AMNA
KAKAR KURTZ, *a minor child*,

                Plaintiffs,

             -v-

DR. MARIE LUPICA and NEW YORK
PRESBYTERIAN HOSPITAL/WEILL-CORNELL
MEDICAL CENTER,

                Defendants.

20 Civ. 3401 (PAE)

**<u>EXHIBIT LIST</u>**

---

PLAINTIFFS' EXHIBIT LIST:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | New York Presbyterian Hospital/Weill Cornell Records |
| 2 | Hospital for Special Surgery Email Chain |
| 3 | Mt. Sinai Records |
| 4 | Hospital for Special Surgery Records |
| 5 | Demonstrative Exhibit – Femur Anatomy Blow-Up |
| 6 | Demonstrative Exhibit – Illustration of Femur Fracture |

DEFENDANTS' EXHIBIT LIST:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Demonstrative Exhibit – Femur Model |